IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**XIOMARA TOMAS-ROMAN**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**,
    Defendant.

Civil No. 19-1947 (BJM)

## OPINION AND ORDER

The Acting Commissioner of the Social Security Administration ("the Commissioner") moves to dismiss Xiomara Tomas-Roman's ("Tomas-Roman's") complaint for judicial review of the decision to deny her disability benefits. Dkt. 15. On May 22, 2018, an Administrative Law Judge ("ALJ") found that Tomas-Roman was not disabled. Dkt. 15. Tomas-Roman petitioned to the Appeals Council, which declined to review her claim on July 12, 2019. Dkt. 15. On October 7, 2019, Tomas-Roman filed the present complaint. Dkt. 2. The Commissioner moved to dismiss, contending that Tomas-Roman's complaint is time-barred. Dkt. 15. Tomas-Roman opposed. Dkt. 19. This case is before me by consent of the parties. Dkt. 11, 13, 21.

For the following reasons, the Commissioner's motion is **GRANTED.**

## APPLICABLE STANDARDS

First Circuit courts evaluate a Commissioner's motion to dismiss for failure to timely file as a 12(b)(6) motion. *See, e.g.*, *Grant v. Berryhill*, 695 Fed. App'x 592, 593 (1st Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A court must "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps. Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations to survive dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal

citation omitted). The court also need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009). The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

On a Rule 12(b)(6) motion, the court "can consider (a) implications from documents attached to or fairly incorporated into the counter complaint, (b) facts susceptible to judicial notice, and (c) concessions in [the complainant's] response to the motion to dismiss." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)) (internal quotations omitted); *Watterson v. Paige*, 987 F.2d 1, 3 (1st Cir. 1993).

## BACKGROUND

Tomas-Roman applied for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") on November 27, 2013. Dkt. 15. Her application was denied on April 16, 2014 and she requested a hearing before an ALJ. *Id.* After holding hearings on March 17, 2017 and April 24, 2018, the ALJ issued a decision on May 22, 2018 denying Tomas-Roman's claim. Dkt. 19. Tomas-Roman requested a review by the Appeals Council that was subsequently denied on July 12, 2019. Dkt. 15. A notice of the Appeal Council's decision, which contained a copy to the representative, and advised Plaintiff that she had the right to commence a civil action within sixty (60) days of receiving the notice, was sent to Tomas-Roman by mail. *Id.* On October 7, 2019, Tomas-Roman filed this complaint. Dkt. 2. She then filed an amended complaint on January 2, 2020 and served the Commissioner on January 3, 2020. Dkt. 19. The Commissioner moved to dismiss the claim on March 25, 2020, for filing outside the statute of limitations. Dkt 15. Tomas-

Tomas-Roman v. Commissioner of Social Security Admin., Civil No. 19-1947 (BJM)                    3

Roman argues that the Commissioner did not show proof of delivery or that the notice was mailed on July 12, 2020. Dkt. 19.

## DISCUSSION

Congress intended Social Security claims to be adjudicated and reviewed in a manner "unusually protective" of claimants. *Heckler v. Day*, 467 U.S. 104, 106 (1984). Section 405(g) states that after notice of a final decision by the Commissioner is made, an individual has sixty days to file a civil action. 42 U.S.C.A. § 405(g). The sixty-day period is not jurisdictional, and instead constitutes a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Notice is presumed to be five days after the decision is made, but the individual may rebut that assumption with a showing to the contrary. 20 CFR § 422.210(c). If the individual rebuts the presumption, then the Commissioner must prove that the notice was received more than 60 days prior to the complaint's filing. *See Grant v. Berryhill*, 695 F. App'x 592, 593–94 (1st Cir. 2017).

It is undisputed that the notice was issued on July 12, 2019. Dkt. 15, 19. The Commissioner argues that for Tomas-Roman's action to be timely, it must have been commenced on or before September 16, 2019. Dkts. 15. 21. Tomas-Roman contends that the Commissioner did not include any proof of delivery or evidence on when the decision was mailed. Dkt. 19. However, the Code of Federal Regulations states that the date of receipt for a notice of denial "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210 (c) (1997). A rebuttal of the five-day presumption does not require the claimant to allege a specific date of receipt in order to make a reasonable showing that the notice was received after the five-day period ended. *See McLaughlin v. Astrue*, 443 F. App'x 571, 574 (1st Cir. 2011). Affidavits merely stating the notice's date of receipt as more than five days after Appeals Council's notice, or alleging non-receipt within five days, standing alone, are not sufficient to rebut the five-day presumption. *See Grant,* 695 F. App'x at 594. Instead, the First Circuit has found that the presumption has been effectively rebutted where the claimant has shown that the Appeals Council's notice had not been mailed until five days after the date on the notice, or the notice had been mailed to the wrong address. *See McLaughlin*, 443 F. App'x at 574. Tomas-

Tomas-Roman v. Commissioner of Social Security Admin., Civil No. 19-1947 (BJM)                                              4

Tomas-Roman v. Commissioner of Social Security Admin., Civil No. 19-1947 (BJM)                                              4

Roman does not provide any evidence to rebut the presumption. As such, if the statute of limitations was not tolled, the action should have commenced on or before September 16, 2019, for it to be timely. Dkt. 15, 19.

Tomas-Roman also argues that equitable tolling should apply in the present case. Dkt. 19 at 5–6 . The Commissioner may extend the time in which an individual may file a civil action "upon a showing of good cause." 20 CFR § 422.210(c); *see also Bowen*, 476 U.S. at 480. The statute of limitations and the possibility of tolling balance Congress's strong interest in protecting individuals while maintaining efficiency. *Id.* at 482. Equitable tolling is reserved for exceptional cases, and the proponent bears the burden of showing that the doctrine applies. *Borgos-Taboas v. Hima San Pablo Hosp. Bayamon*, 832 F. Supp. 2d 121, 125 (D.P.R. 2011). A court generally considers five factors to guide its decision: "'(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party's opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.'" *Id.* (quoting *Jobe v. I.N.S.*, 238 F.3d 96, 100 (1st Cir. 2001)). Only the third factor seems to be at issue here.

Tomas-Roman argues that the court should take into consideration she was a pro se litigant at the time of the action's filing when evaluating her diligence. Dkt. 19 at 6-7. However, Plaintiff's argument is unpersuasive. Federal courts have typically allowed tolling where claimant has "actively pursued his judicial remedies by filing a defective pleading or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 96 (1990). However, equitable tolling has not been extended where the claimant has failed to exercise due diligence. *Id.* Tomas-Roman makes no allegation she had difficulty obtaining counsel or procuring legal materials to file her action. Furthermore, Tomas-Roman provides no evidence that she exercised due diligence between the dismissal of her case and when she filed the complaint on October 7, 2019. As such, her arguments do not support equitable tolling in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of October, 2022.

                               *S/ Bruce J. McGiverin*
                               BRUCE J. MCGIVERIN
                               United States Magistrate Judge